**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4455

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LIONEL RAY MCCALL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Terrence W. Boyle, District Judge.  (5:10-cr-00219-BO-3)

Submitted:  December 13, 2011      Decided:  December 21, 2011

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Ray McCall was convicted following his guilty plea to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). At sentencing, McCall asserted, inter alia, that his prior North Carolina conviction for maintaining a vehicle, dwelling, or place for controlled substances ("drug conviction") did not qualify as a felony controlled substance offense, as required for the career offender enhancement, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010), because his sentence for that conviction did not exceed twelve months' imprisonment. The district court denied the objection, classified McCall a career offender, and imposed a 262-month sentence. McCall timely appealed.

On appeal, McCall argues that his North Carolina drug conviction is not a proper predicate for the career offender enhancement because, under our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the drug conviction was not punishable by imprisonment for a term exceeding one year. In its response brief, the Government concedes that McCall should be resentenced in light of Simmons. For the reasons that follow, we vacate McCall's sentence and

2

remand this case to the district court for resentencing,[1] but we affirm McCall's conviction, which is not challenged on appeal.

McCall's prior North Carolina conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing scheme). When McCall raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). However, we have since overruled Harp with our en banc decision in Simmons, in which we adopted a similar argument in favor of the defendant. See Simmons, 649 F.3d at 241, 246-47. In view of our holding in Simmons, we vacate McCall's sentence and remand this case to the district court for resentencing.[2] Finally, we affirm McCall's conviction. We dispense with oral argument because the facts and legal contentions are adequately

---

[1] Because we conclude that McCall is entitled to relief under Simmons, we need not resolve McCall's alternative challenge to the career offender enhancement that his prior North Carolina conviction for taking indecent liberties with a child does not qualify as a "crime of violence."

[2] The parties also agree that McCall should be resentenced in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Because we are remanding this case for resentencing in light of Simmons, we decline to address this issue, leaving it instead for the district court to consider in the first instance.

presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
